**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**OXFORD DIVISION**

**JOHNNY FRANK ADAMS**                                                                 **PLAINTIFF**

                                                                                **NO. 3:23-CV-463-JMV**

**COMMISSIONER OF SOCIAL SECURITY**                                          **DEFENDANT**

### ORDER GRANTING MOTION FOR ATTORNEY FEES

Before the Court are Plaintiff's motion [37] and memorandum [38] for attorney fees pursuant to 42 U.S.C. § 406(b)(1), and Defendant's response [39]. For the reasons that follow, the motion will be granted.

In these proceedings, Plaintiff sought judicial review of the Social Security Commissioner's final decision denying a claim for benefits. This Court's Final Judgment [25] granted the Commissioner's motion to reverse and remand on July 24, 2024, and the case was remanded to the Social Security Commission for further proceedings. [25]. On September 24, 2024, Plaintiff's request for $6,659.22 in attorney fees pursuant to the Equal Access to Justice Act was granted. [32]. On November 12, 2025, a favorable decision was rendered by the administrative law judge finding Plaintiff disabled, and Plaintiff was awarded $30,976.24 in past due benefits. [33]. Counsel filed exceptions to this decision which was subsequently remanded again by the Appeals Council to the Office of Hearings Operations where a fully favorable decision was issued on January 21, 2026, awarding Plaintiff $86,985.90 in past due benefits. [Doc. 37 - Exh. 1].

"Sections 406(a) and 406(b) of the Social Security Act provide for the discretionary award of attorney's fees out of the past-due benefits recovered by a successful claimant in a Social Security action." *Murkeldove v. Astrue*, 635 F.3d 784, 787 (5th Cir. 2011). While Section 406(a)

governs the award of attorney fees for representing a claimant in administrative proceedings, Section 406(b) governs the award of attorney fees for representing a claimant in court. *Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002). Pursuant to 42 U.S.C. § 406(b)(1)(A), when a court "renders a judgment favorable to a claimant . . . who was represented before the court by an attorney," the court may award "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." "[T]he 25% cap applies only to fees for representation before the court, not the agency." *Culbertson v. Berryhill*, 139 S. Ct. 517, 522, 202 L. Ed. 2d 469 (2019).

Fees under Section 406(b) satisfy a client's obligation to her counsel and, accordingly, are paid out of the plaintiff's social security benefits. *See Orner v. Shalala,* 30 F.3d 1307, 1309 (10th Cir. 1994). Section 406(b), however, "does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court." *Gisbrecht*, 535 U.S. at 806-07. Nevertheless, agreements that provide for fees exceeding 25 percent of past-due benefits are unenforceable. *Id.* But even when contingency fee agreements are within the statutory ceiling, "§ 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id.* at 807. An attorney may obtain fees under both § 406(b) and the EAJA, but must refund the lesser fee to the claimant. *Id.* at 796.

Plaintiff's counsel, through her motion, sought attorney fees in the amount of $14,002.42 from Plaintiff's past-due benefits. In support of the motion, counsel has presented a contingency fee agreement, signed by Plaintiff, wherein Plaintiff contracted with his counsel to pay 25 percent of his past-due benefits for legal representation at the federal court level. Counsel's requested

award of $14,002.42 is equal to 25% of the past due benefits ($21,746.48) minus the amount previously that was received by counsel in attorney's fees ($7,744.06). Counsel for Plaintiff is an experienced Social Security attorney, achieved a fully favorable result for her client before this Court and before the Agency, and has not been responsible for any delay in this matter. The Fifth Circuit Court of Appeals and district courts in this circuit have acknowledged the contingent nature or high risk of loss inherent in Social Security appeals. *See Jeter v. Astrue*, 622 F.3d 371, 382 (5th Cir. 2010). This combination of factors weighs in favor of a finding that the fee request is reasonable in this case.

The Court, having thoroughly considered the motion and the applicable law, and noting that the defendant does not oppose the award of attorney fees, finds the total award of $21,746.48 is reasonable; and no special circumstance would make the award unjust.

Therefore, it is ordered that the Commissioner shall promptly pay Plaintiff $14,002.42 in attorney fees for the benefit of his counsel in accordance with agency policy.

**SO ORDERED**, this the 23rd day of March, 2026.

*/s/* Jane M. Virden  
**UNITED STATES MAGISTRATE JUDGE**