**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION**

**JOHNNY FRANK ADAMS**                                        **PLAINTIFF**

                                                                    **NO. 3:23-CV-463-JMV**

**COMMISSIONER OF SOCIAL SECURITY**                    **DEFENDANT**

**ORDER GRANTING MOTION FOR ATTORNEY FEES**

Before the Court is Plaintiff's motion [Doc. 41] for an award of $1,538.78 in attorney fees pursuant to § 206(b)(1) of the Social Security Act.[1] For the reasons that follow, Plaintiff's request for approval of a payment to his counsel of $1,538.78, from his past-due benefits is GRANTED.

Johnny Frank Adams filed an action in this Court on December 4, 2023, to appeal the Commissioner's decision denying his applications for disability benefits. On July 24, 2024, this Court entered a Final Judgment [Doc. 25] that reversed the Commissioner's decision and remanded this case to the Social Security Administration (the "Agency") for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). [Doc. 24]. Plaintiff's attorney was awarded $6,659.22 in Equal Access to Justice Act fees based on the remand. [Doc. 32].[2]

Following the Court's reversal and remand, the Commissioner initially awarded Plaintiff with $30,976.24 in past due benefits [Doc. 33-1]. Plaintiff's attorney was awarded an additional $544.06 fee pursuant to § 206(b)(1) of the Social Security Act as a result. [Doc. 36].[3]

---

[1] Counsel is requesting a total fee of $29,944.48 for work performed in federal district court on this case.

[2] This EAJA fee award was subject to the Treasury Offset Program due to a DHS debt. Since auxiliary benefits were later approved, DHS issued a reimbursement of this check on July 9, 2026.

[3] 25% of the past due benefits award of $30,976.24 equals $7,744.06. Plaintiff's counsel averred that her firm received $7,200 of this as administrative fees, and counsel was unable to recover the EAJA fee award at the time because it was subject to a DHS debt. Thus, the Court approved a fee of $544.06 consistent with the fee contract for federal court services.

Counsel filed exceptions to this decision which was subsequently remanded again by the Appeals Council to the Office of Hearings Operations where a fully favorable decision was issued on January 21, 2026, awarding Plaintiff $86,985.90 in past due benefits, with $21,746.48 (25% of total past due benefits) being withheld for attorney's fees. On March 23, 2026, the undersigned awarded Plaintiff's attorney an additional $14,002.42 after the grant of past due benefits, which resulted in a total award of $21,746.48,[4] equal to 25% of the Plaintiff's benefits. [Doc. 36]. After the initial appeal, Plaintiff's children additionally became entitled to their own auxiliary past due benefits in the amount of $32,792.00 based on the record. Therefore, the Social Security Administration withheld an additional $8,198.00 from Plaintiff's family's past due benefits, which totals $29,944.48 in withholdings.

Plaintiff filed the present motion [Doc. 41] on July 14, 2026, requesting an additional award of attorney's fees for services performed in Federal District Court in the amount of $8,198.00 (25% of $32,792.00) for a total fee of $29,944.48. [Doc. 41].

As provided *supra*, counsel was initially awarded EAJA fees in the amount of $6,659.22. However, this was subject to the Treasury Offset Program due to a DHS debt. Since auxiliary benefits have been approved, DHS issued a reimbursement of this check on July 9, 2026. Counsel avers that this check is currently being held in Counsel's Escrow account until an Order from this Court. Counsel is requesting authority to use the DHS check of $6.659.22 as part of counsel's attorney's fees and for the SSA to pay the balance of $1,538.78 ($8,198.00-$6,659.22) out of the withheld past due funds from Plaintiff's family's past-due benefits.

---

[4] The award of $14,002.42 is equal to 25% of the past due benefits in the amount of $86,985.90 (totaling $21,746.48), minus the amount previously that was received by counsel in attorney's fees ($21,746.48 - $14,002.42 = $7,744.06).

2

In his response to the motion, the Commissioner states he "neither supports nor opposes counsel's request for attorney's fees" and does not take a position as to the reasonableness of counsel's requested fee. [Doc. 43]. The Commissioner also requests that if the Court agrees to Plaintiff's counsel's request to subtract EAJA fees already received from the full 406(b) amount requested instead of requiring refunding of the difference, that the Order distinguish between the full amount found reasonable under 406(b) and the net amount to be awarded.

The Court appreciates the Commissioner's recitation of the applicable law and the facts and assures the parties it is well aware of its obligation to independently review the fee request and ensure it satisfies the statutory requirement of yielding a reasonable result. Having fulfilled its obligation, the Court finds the fee request in this case is reasonable.

Pursuant to 42 U.S.C. § 406(b)(1)(A), when a court "renders a judgment favorable to a claimant . . . who was represented before the court by an attorney," the court may award "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." "[T]he 25% cap applies only to fees for representation before the court, not the agency." *Culbertson v. Berryhill*, 139 S. Ct. 517, 522, 202 L. Ed. 2d 469 (2019). Fees under § 406(b) satisfy a client's obligation to their counsel and, accordingly, are paid out of the plaintiff's social security benefits. *See Orner v. Shalala,* 30 F.3d 1307, 1309 (10th Cir. 1994). A contingency fee agreement to pay 25% of any past-due benefits awarded may set the amount of the Section 406(b) award so long as the amount is reasonable under the facts of the case. *See Gisbrecht v. Barnhart,* 535 U.S. 789, 807-08 (2002).[5]

---

[5] In *Gisbrecht*, the Supreme Court noted:

Here, Plaintiff's counsel requests authorization for payment of $1,538.78 from monies withheld by the Agency from the claimant's past-due auxiliary benefits. This figure is obtained by subtracting the prior EAJA award in this case, $6,659.22, from $8,198.00. Several factors weigh in favor of finding that the fee request is reasonable. First, counsel has presented a contingency fee agreement, signed by Plaintiff, wherein Plaintiff has agreed that his attorneys have the right to seek 25% of his past-due benefits for representation in court.[6] Second, counsel for Plaintiff are experienced Social Security attorneys and achieved a favorable result for Plaintiff before this Court and before the Agency. Third, the Fifth Circuit Court of Appeals and district courts in this circuit have acknowledged the high risk of loss inherent in Social Security appeals.[7] Finally, the actual fee requested and found by the undersigned to be reasonable ($29,944.48),[8] amounts to 25% of the claimant's past-due benefits and does not offend Section

> Courts that approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness, have appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved. If the attorney is responsible for delay, for example, a reduction is in order so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court. If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order. In this regard, the court may require the claimant's attorney to submit, not as a basis for satellite litigation, but as an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement, a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases.

*Id.* at 807-08, 122 S. Ct. at 1828, 152 L. Ed. 2d 996 (internal citations and footnotes omitted).

[6] The contract language reads as follows:

"I hereby employ Thomas U. Reynolds and Leanna Reynolds to represent me in a federal court review of my SSI/Social Security Disability Case. *I agree that my attorney shall charge and receive as the fee an amount equal to twenty-five percent (25%) of the past-due benefits that are awarded to my family and me in the event my case is won.*" [emphasis added]. *See Mark S. v. Commissioner,* 3:23-cv-6-DAS (N.D. Miss. 2023); *Candi A. v. Commissioner,* 1:24-cv-202-RP (N.D. Miss). [Doc. 42].

[7] *See Jeter v. Astrue*, 622 F.3d 371, 379 & n.9 (5th Cir. 2010).

[8] The total award of $29,944.48 is calculated by adding $21,746.48 (equal to 25% of the Plaintiff's past due benefits) plus $8,198.00 (25% of auxiliary past due benefits award).

406(b)(1)(A)'s limitation on fees.

**THEREFORE, IT IS ORDERED** that Plaintiff's motion for attorney fees [Doc. 41] is **GRANTED**. Payment to counsel for Plaintiff from Plaintiff's past-due benefits in the amount of $1,538.78 is approved, and counsel is not required to reimburse the claimant for the prior EAJA award, the same having been credited to the Plaintiff in calculating this fee award.

SO ORDERED, this, the 4th day of August, 2026.

/s/ Jane M. Virden
U.S. MAGISTRATE JUDGE